Gonzalo **FERNOS–LOPEZ,**
Petitioner-Appellant,

v.

**UNITED STATES DISTRICT COURT FOR the DISTRICT OF PUERTO RICO et al., Respondents-Appellees.**

No. 77–1331.

United States Court of Appeals,
First Circuit.

Argued Feb. 8, 1979.

Decided June 14, 1979.

Gonzalo Fernos-Lopez, appellant, pro se.

Alberto Tellechea, Asst. U. S. Atty., San Juan, P.R., with whom Julio Morales Sanchez, U. S. Atty., San Juan, P.R., was on brief, for appellees.

Before CAMPBELL, Circuit Judge, BOWNES, Circuit Judge, JAMESON, Senior District Judge.*

PER CURIAM.

Gonzalo Fernos-Lopez has appealed from his conviction of criminal contempt for failure to obey the orders of a bankruptcy court judge. The bankruptcy judge had found appellant in contempt for refusing to

* Of the District of Montana, sitting by designation.

obey orders to erase or relinquish a tape cassette recording of proceedings at a creditors meeting made without the court's permission. Appellant was fined $250, which he refused to pay. These facts were certified by the bankruptcy judge to the district court. After a jury trial, appellant was found guilty. He was given a three month suspended sentence, placed on probation for two years, fined $2,000, and ordered to reimburse the Government for all expenses incurred in the proceedings.[1]

*Proceedings before Bankruptcy Judge*

Appellant appeared *pro se* at the bankruptcy proceedings as a creditor of the bankrupt to file a claim for unpaid rent, property taxes and administrative expenses which he claimed were owed to him as landlord of the bankrupt's business. Appellant had requested the hearing to determine whether he was entitled to certain funds in an escrow account with the trustee.

The bankruptcy court did not at that time record its proceedings. Appellant decided to record the proceedings for his own use. His portable tape recorder was placed on a bench in the court room and set in operation at the beginning of the proceedings. Near the end of the proceedings either the trustee or an attorney for one of the other creditors informed the judge that appellant was tape recording the proceedings.

The bankruptcy judge asked appellant whether he had permission from the court to record the proceedings. When appellant replied that he did not have permission, the judge ordered him to erase the recording. Appellant refused. A deputy United States marshal was then ordered to take possession of the recorder and the cassette. Appellant delivered the recorder but refused to give up the cassette. The judge had appellant taken from the courtroom by two deputy marshals. He was brought back a few minutes later and again refused to

1. Later appellant was resentenced and the provisions for suspended sentence and probation were eliminated.

erase the recording or give up the cassette. He was then declared guilty of civil and criminal contempt, pursuant to 11 U.S.C. § 69.[2] He was fined $250, the maximum penalty a bankruptcy judge can impose. Appellant said, "Your honor, I am not going to pay that fine." The court then told appellant that he could leave, and that the incident would be certified to the district court.

There is no evidence that appellant was loud, vulgar, disruptive, or disrespectful of the court, except for his stated refusal to comply with the court's orders.

### Proceedings in District Court

The facts were certified to the United States District Court by the bankruptcy judge. The district judge found that the certification was in accordance with Rule 920(a)(4) of the Rules of Bankruptcy Procedure, Rule 42(b) of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 401(3). Appellant was ordered to appear before a United States Magistrate to show cause why he should not be found guilty of criminal contempt. Appellant appeared before the magistrate and entered a plea of not guilty.

As appellant notes in his brief, he "literally flooded the Court with Motions". He requested permission to appear *pro se* at his trial. On the Government's motion psychiatric examination of appellant was ordered by the court. Appellant was found to be competent to represent himself. Stand-by counsel was appointed to aid appellant with his defense.

The trial lasted three days. Appellant was found guilty of criminal contempt of the bankruptcy court. Two citations for contempt of the district court were quashed at the end of the trial. As noted *supra*, appellant was sentenced to three months imprisonment, which was suspended, placed on probation for two years, fined $2,000 and ordered to pay the Government's court costs amounting to $2,138.45. Appellant had spent more than four months on probation when he was resentenced and the imprisonment and probation were eliminated. Payment of the fine and costs were stayed pending appeal.

### Contentions on Appeal

Appellant continues to represent himself on this appeal. He has filed an extensive brief, raising numerous issues involving the various stages of the protracted proceedings. Only one of the issues—the procedure followed by the bankruptcy court in finding appellant guilty of criminal contempt—will be addressed in this opinion.

### Contempt of Bankruptcy Court

The power of a court to punish for contempt is inherent and essential to the administration of justice. "So far as the inferior federal courts are concerned", however, that power may, within limits, be regulated by Congress. *Michaelson v. United States*, 266 U.S. 42, 65–67, 45 S.Ct. 18, 20, 69 L.Ed. 162 (1924). It was early recognized that bankruptcy courts are vested with the contempt power. *Boyd v. Glucklich*, 116 F. 131, 135 (8 Cir. 1902). See Advisory Committee's Note, Bankruptcy Rule 920. The bankruptcy code and rules provide for punishment of contemptuous conduct which occurs in bankruptcy proceedings.

2. 11 U.S.C. § 69 provides in pertinent part:
    (a) A person shall not, in proceedings before a referee [now bankruptcy judge] (1) disobey or resist any lawful order, process, or writ; (2) misbehave during a hearing or so near the place thereof as to obstruct the same; (3) neglect to produce, after having been ordered to do so, any pertinent document; or (4) refuse to appear after having been subpenaed, or, upon appearing, refuse to take the oath as a witness, or having taken the oath, refuse to be examined accordingly to law . . .

    (b) The referee shall forthwith certify the facts to the judge, if any person shall do any of the things forbidden in this section, and he may serve or cause to be served upon such person an order requiring such person to appear before the judge upon a day certain to show cause why he should not be adjudged in contempt by reason of the facts so certified.

    .     .     .     .     .     .

The basis for contempt power in the courts was set forth in *Maness v. Meyers*, 419 U.S. 449, 458, 95 S.Ct. 584, 591, 42 L.Ed.2d 574 (1974):

> We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.

▪ Disobeying or resisting any lawful order of a bankruptcy judge is contemptuous conduct. 11 U.S.C. § 69(a). Appellant argues that the judge's order was not lawful because tape recording of bankruptcy proceedings is allowed. The order, however, was clearly within the court's jurisdiction. If the court has jurisdiction over the person and the subject matter, the interests of orderly government demand that the court's orders be respected and obeyed. *United States v. United Mine Workers of America*, 330 U.S. 258, 303, 67 S.Ct. 677, 91 L.Ed. 884 (1947). The invalidity of a court order is not generally a defense in a criminal contempt proceeding alleging its disobedience. *United States v. Seale*, 461 F.2d 345, 361–62 (7 Cir. 1972) and cases there cited. We need not consider appellant's contention that his conduct was not contemptuous. His refusal to obey the court's orders is undisputed.

*Bankruptcy Court Contempt Procedure*

We turn now to the crucial issue on this appeal—whether the procedure followed by the bankruptcy judge requires a reversal of appellant's conviction. Bankruptcy Rule 920 prescribes the procedure to be followed for contempt committed in proceedings before a referee.[3] 920(a)(1) provides that mis-

behavior prohibited by § 69(a)(2) may be "punished summarily". Under § 69(a)(2) a "person shall not . . . misbehave during a hearing or so near the place as to obstruct the same". 920(a)(2) reads in pertinent part:

*Disposition by Referee upon Notice and Hearing*

Any other conduct prohibited by section 69(a) of this title may be punished by the referee only after hearing on notice. The notice shall be in writing and shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the contempt charged and whether the contempt is criminal or civil or both.

920(a)(3) provides that a referee may not impose a fine of more than $250, and (a)(4) provides that if it appears to the referee that prohibited conduct would warrant imprisonment or a fine in excess of $250, he may certify the facts to the district judge.

▪ There is a clear and well recognized distinction between misbehavior which obstructs a hearing, § 69(a)(2), which may be summarily punished, Rule 920(a)(1), and disobeying or resisting a lawful order, § 69(a)(1), which may be punished only after a hearing on notice, Rule 920(a)(2).

▪ 11 U.S.C. § 69 follows substantially the general contempt statute. 18 U.S.C. § 401, and Bankruptcy Rule 920 follows Rule 42 of the Federal Rules of Criminal Procedure. See Advisory Committee's Note, Bankruptcy Rule 920. In construing § 401 and Rule 42 the cases have uniformly held that misbehavior which obstructs the hearing and permits summary action must present an imminent threat to the administration of justice. It must "immediately imperil" the judge in the performance of his judicial duty. *In re Little*, 404 U.S. 553, 555, 92 S.Ct. 659, 30 L.Ed.2d 708 (1972). Where there is no physical disorder in the

---

**3.** The bankruptcy contempt statute and rule refer to a referee. 11 U.S.C. § 69; Bankruptcy Rule 920. The bankruptcy code has been amended to change the nomenclature; a refer-

ee is now properly referred to as a judge. See 28 U.S.C. § 151, *et seq.* in 11 U.S.C.A., Revised Bankruptcy Act as approved November 6, 1978.

**1092**

courtroom, no laughing, shouts or abusive language, and no significant delay in the proceedings, obstruction of justice is not shown. *United States ex rel. Robson v. Oliver*, 470 F.2d 10, 14 (7 Cir. 1972).

■■ The statutory procedure has constitutional due process overtones. Summary procedure is always regarded with disfavor. *Sacher v. United States*, 343 U.S. 1, 8, 12 S.Ct. 451, 96 L.Ed. 717 (1952). Reasonable notice of a charge and an opportunity to be heard in defense before punishment is basic to our system of jurisprudence. Matters offered in explanation or mitigation may lessen the judgment or avoid punishment altogether. *Groppi v. Leslie*, 404 U.S. 496, 502–503, 92 S.Ct. 582, 30 L.Ed.2d 632 (1972) and cases cited therein.[4] Reasonable notice of the charge and an opportunity to be heard before punishment is imposed are essential in view of the potential for abuse of the contempt power. *Taylor v. Hayes*, 418 U.S. 488, 496, 500, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974).[5]

*Procedure Followed by Bankruptcy Judge*

Appellees argue that (1) appellant's refusal to erase or surrender the tape recording constituted misconduct in violation of 11 U.S.C. § 69(a)(2) and that summary disposition was proper through the $250 fine; (2) when appellant refused to pay the fine the punishment "already imposed was not strong enough and a higher one was called for", and the matter accordingly was certified to the district judge pursuant to 920(a)(4); and (3) if the bankruptcy judge did not afford appellant sufficient procedural safeguards, any defect was cured by the trial in the district court.

■ While appellant's refusal to erase or surrender the tape recording may have been a violation of § 69(a)(1), it was not misbehavior obstructing the hearing in violation of § 69(a)(2), permitting summary punishment. The tape recording did not disrupt the proceedings. The bankruptcy judge testified at the trial in district court that he was unaware of the taping until it was brought to his attention near the end of the proceedings. Neither the taping itself nor appellant's refusal to erase or turn over the tape recording presented any imminent threat to the administration of justice. *In re Little, supra*; compare *In re Gordon*, 592 F.2d 1215 (1st Cir. 1979) (appellant's immoderate and irrelevant oration materially obstructed progress of hearing). The substantive purpose of the hearing had been fulfilled; a new hearing date was about to be set when the judge became aware of the recording and issued his orders. The proceeding was not obstructed in a way which required summary action.

■ Appellant was taken from the bankruptcy courtroom briefly in the custody of the United States marshals. This pause between the order and the imposition of the $250 fine was not sufficient to give appellant notice of the charge and a reasonable opportunity to defend. Bankruptcy Rule 920(a)(2) requires that the notice be in writing and state the time and place of hearing, allow reasonable time for the preparation of the defense, and state the essential facts constituting the contempt charged and whether the contempt is civil or criminal.

4. See also *In re Oliver*, 333 U.S. 257, 275, 68 S.Ct. 499, 508, 92 L.Ed. 682 (1947) where the Court held that under the "narrow exception to [the] due process requirements", it must appear, *inter alia*, that "immediate punishment is essential to prevent 'demoralization of the court's authority' before the public".

5. See also the American Bar Association Standards relating to The Function of a Trial Judge, which sets forth in Part VII standards on use of the contempt power. In § 7.1, the Standards recognize the inherent power of a trial judge to "cite and, if necessary, punish summarily anyone who, in his presence in open court, ob-

structs the course of criminal proceedings". The Standards then recommend procedures for admonition, warning, and notice, including § 7.4, which reads:

7.4 Notice of charges and opportunity to be heard.

Before imposing any punishment for criminal contempt, the judge should give the offender notice of the charges and at least a summary opportunity to adduce evidence or argument relevant to guilt or punishment. This section and the accompanying commentary were quoted with approval in *Taylor v. Hayes*, 418 U.S. at 499, n. 8, 94 S.Ct. 2697.

■ The proper approach, at least in this situation where the rule as to tape recordings had not been clearly spelled out in advance, would have been to warn appellant that refusing to obey the bankruptcy judge's order was contemptuous conduct. Appellant was appearing *pro se.* He believed and still maintains that his conduct in recording the bankruptcy proceeding is not prohibited.[6] He may have been unaware of the consequences of refusing to obey the judge's order. After the warning was given, written notice should have been given as prescribed by Rule 920(a)(2). At the hearing appellant would have been allowed to present his defense and factors that might mitigate the punishment. His good faith belief that the tape recording was not prohibited by the Bankruptcy rules and the absence of any notice that it was forbidden would have been relevant in determining the proper punishment.

The contempt conviction must be vacated because the statutorily prescribed procedure was not followed in summarily punishing appellant for refusing to obey the bankruptcy judge's order to erase or turn over the unauthorized tape recording. The failure to follow the procedure set forth in Bankruptcy Rule 920 in the initial finding of contempt and the imposition of the $250 fine affected all subsequent proceedings. Had the proper notice been given and a hearing held the subsequent proceedings might have been unnecessary. Furthermore, the contempt tried before the district court consisted not just of appellant's refusal to obey the order to surrender or erase the tape, but included appellant's subsequent stated refusal to pay the fine. As we have concluded the fine was improperly imposed, appellant was not required to pay it. The jury's finding of contempt may have been influenced by this latter action, and therefore we cannot find that the defects in the initial proceedings were cured by the trial in district court.

Having reached this conclusion, it is unnecessary to consider the remaining 12 alleged errors urged by appellant. We do note, however, that we find no merit in appellant's contention that the trial judge was biased and prejudiced against appellant. Nor is there merit in his contention that appellant was "incredibly harassed" by the Government and the court. We agree with the Government that the district judge was fair, helpful, and patient with appellant, taking into account that he was appearing *pro se.* Moreover, appellant failed to take advantage of his stand-by counsel as the court properly suggested on a number of occasions.

Likewise, we find no merit in the contention that appellant's conviction by the jury was made possible by the "cavalier treatment" of the district judge. Rather the evidence of appellant's own conduct throughout these protracted proceedings and his own trial tactics could very well have been responsible for the guilty verdict.

### Conclusion

By reason of the failure of the bankruptcy judge to follow the procedure prescribed by Bankruptcy Rule 920, we conclude that it is necessary to vacate the judgment of conviction and remand to the district court for further proceedings consistent with this opinion. The district court may conclude that no further proceedings are warranted or may remand to the bankruptcy court for proceedings pursuant to Rule 920(a)(2).

In addition to the provisions quoted supra, Rule 920(a)(2) provides that, "If the contempt charged involves disrespect to or criticism of the referee, he is disqualified from presiding at the hearing except with the consent of the person charged." Appellant's brief on this appeal clearly manifests

---

**6.** In the courts of the Commonwealth parties who represent themselves or attorneys who represent a party are apparently allowed to tape record hearings of their own cases for their own use if the proper functioning of the court is not affected. Circular letter No. 1 of the Office of Court Administration, General Court of Justice, Commonwealth of Puerto Rico (July 23, 1975). Bankruptcy Rule 511 does not explicitly prohibit a party from tape recording a proceeding. No sign of such a prohibition was visible in the bankruptcy courtroom.

disrespect for the bankruptcy judge, as well as the trial judge. Another bankruptcy judge should accordingly preside at any hearing held pursuant to Rule 920(a)(2).