In re Antonio CORDOVA GONZALEZ, Mercedes Rivera Martinez, Debtors.

Bankruptcy No. B–85–01416(ESL).

United States Bankruptcy Court, D. Puerto Rico.

March 21, 1989.

---

Rodrigo Otero Bigles, Otero Suro & Otero Suro, Hato Rey, P.R., for debtors.

Jose M. Pizarro Zayas, Asst. U.S. Atty., Hato Rey, P.R., for I.R.S.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This case came before the Court on December 28, 1988 and January 5, 1989 for a hearing to consider the order to show cause entered on October 25, 1988 (docket # 57). The order directs debtors to show cause why they should not be sanctioned and/or certified in civil contempt for failure to file monthly reports of operation, failure to file an adequate disclosure statement, failure to file a confirmable plan, failure to be accountable for all property of the estate, use of real property of the estate and incurring in a debt secured by property of the estate without court approval and for failure to pay post-petition federal taxes. Debtors appeared through counsel, Mr. Rodrigo Otero Bigles, and the Internal Revenue Service through Assistant U.S. Attorney, Jose M. Pizarro Zayas.

*Factual Background*

On October 7, 1985 the debtors filed a voluntary petition under the provisions of Chapter 11 of the Bankruptcy Code. On November 2, 1987, that is, two years after the filing of the petition, the Court ordered debtors to show cause why the case should not be dismissed for failure to prosecute and for unreasonable delay prejudicial to creditors, 11 U.S.C. § 1112(b)(3), on account of debtors' failure to file a disclosure statement, 11 U.S.C. § 1125. Debtors replied and requested an extension of time. On November 10, 1987 the Court granted debtors sixty (60) days to file a disclosure statement. Debtors failed to comply and on February 10, 1988 requested a further extension of time. The same was granted as a final extension.

On March 16, 1988 a hearing was held on the motion to dismiss by the Internal Revenue Service. The motion to dismiss was grounded on debtors' failure to file the disclosure statement and monthly reports of operation. The motion was denied as the debtor had been granted a final extension of time to file the disclosure statement. The bar date was April 16, 1988. Debtors were advised that failure to comply would constitute cause to dismiss the case. The disclosure statement was filed on April 18, 1988, that is, two (2) days after the bar date.

The approval of the disclosure statement was scheduled for hearing on June 6, 1988. On said date, after the Court determined that additional information was necessary, the debtors were granted an additional for-

ty-five (45) days to file an amended disclosure statement, and were again advised that upon failure to timely comply the case would be dismissed. On July 21, 1988 debtors again moved for an extension of time. On August 6, 1988 the Court granted the extension requested, that is forty-five (45) additional days. On November 4, 1988 debtors moved for the *sixth* time to extend the time to file the disclosure statement. A decision was deferred to the date scheduled for the hearing on the order to show cause to debtors, that is, December 9, 1988. The hearing was rescheduled to December 28, 1988. Meanwhile, the debtors belatedly filed the amended disclosure statement on December 12, 1988. The amended disclosure statement was scheduled for a hearing for February 8, 1989.

On February 8, 1989 the Court entered the following bench ruling:

"The disclosure statement is to be amended to describe the source of income to fund the plan, separating the rental income and the law practice income. The Court needs a clarification as to the litigation with Royal Bank and what effect, if any, it will have on Mr. Cordova's ability to generate income. The amended disclosure statement is to be submitted on or before *February 17, 1989;* then the matter will be deemed submitted to the Court. If the items are satisfactorily explained, the Court may approve the disclosure statement. Copies of the amended disclosure statement are to be sent to attorneys present at today's hearing." (Emphasis supplied).

Today, more than thirty (30) days have elapsed since the deadline set by the Court (to which the debtors did not object) and still the amended disclosure has not been filed, in spite of the Court's numerous admonitions that failure to comply would result in the dismissal of the petition. Moreover, debtors' attorney has advised them of the need to file the amended disclosure statement.[1] Debtors cannot claim ignorance of their duty to comply with this Court's orders.

### Discussion

The testimony of codebtor Antonio Cordova Gonzalez was presented to answer the allegations made by the Internal Revenue Service (IRS).[2] Mr. Cordova testified that he is an attorney at law and was fully aware of his duty to file monthly reports of operation and a disclosure statement to contain adequate information.[3] He admitted that this Court's orders had not been strictly complied with due to "excusable neglect."

The evidence presented at the hearings disclosed that there were numerous discrepancies between the documents filed by the debtors and the actual condition of their affairs. Some have been amended to conform to reality pursuant to the provisions of Bankruptcy Rule 1009, which provides that schedules and statements "may be amended by the debtor as a matter of course at any time before the case is closed." Some still are pending to be explained or amended. Notwithstanding, the

1. See statements made by attorney Rodrigo Otero Bigles at the emergency hearing held on March 20, 1989 wherein the Court quashed the subpoena addressed to Mr. Jose–Blasini, Vice-President of Ponce Federal Bank. (Transcript requested by the Court).

2. At the hearing debtors questioned the standing of the IRS on the grounds that no amounts were owed at the time of the hearing. The Court entered a bench ruling holding that the IRS had a valid claim at the time of the motion was filed and also has a continuous contingent liability for social security (FICA) and unemployment (FUTA) taxes. Such conditions are sufficient by themselves to indicate that IRS has a sufficient "stake" in the outcome of this case to be considered a party in interest with standing to ap-

pear and be heard. *In re Public Service Company of New Hampshire,* 88 B.R. 546, 556 (Bankr. D.N.H.1988); *In re Amatex Corp.,* 755 F.2d 1034 (3rd Cir.1985).

3. Section 1125(a)(1) of the Bankruptcy Code defines adequate information as "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan;".

Court will not reach the merits of said contradictions as it finds that debtors' continued failure to abide by the orders of this Court warrants the dismissal of the Chapter 11 petition. Neither does the Court expresses an opinion on whether debtors' action may constitute a violation to 18 U.S.C. §§ 151, 152. The U.S. Attorney and the U.S. Trustee have actively participated in this proceeding. It is their primary responsibility to pursue any action which may be a violation to Title 18 of the United States Code. 28 U.S.C. §§ 547, 586(a)(3)(F).

### Applicable Law

■ Even though debtors' continuous pattern of disregard for this Court's orders may border on disregard of judicial authority,[4] the Court finds that dismissal, and not contempt, is the appropriate sanction.

■ Bankruptcy courts have civil contempt power to enforce their own orders. 11 U.S.C. § 105(a), *In re Newport Offshore Ltd.*, 88 B.R. 566 (Bankr.D.R.I.1988); *In re Haddad*, 68 B.R. 944 (Bankr.D.Mass.1987). But see *In re Sequoia Auto Brokers Ltd., Inc.*, 827 F.2d 1281 (9th Cir.1987). The judiciary has the inherent power to punish contempt to vindicate its own authority. *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 107 S.Ct. 2124, 2131–2132, 95 L.Ed.2d 740 (1987); *Fernos Lopez v. U.S. District Court, etc.*, 599 F.2d 1087 (1st Cir.1979). The power is limited by the subject matter jurisdiction that the judicial officer has. The jurisdiction of bankruptcy judges is specified in and limited by 28 U.S.C. § 157. If the subject matter is a core proceeding under 28 U.S.C. § 157[5] the bankruptcy judge has broad powers under 11 U.S.C. § 105(a) to insure compliance with the provisions of the Bankruptcy Code. A bankruptcy judge has the power to sanction and to punish contempt for a violation of the automatic stay provi-

sions of 11 U.S.C. § 362(a) pursuant to 11 U.S.C. § 105(a), 362(h) and 28 U.S.C. § 157(b)(1). The power to punish contempt is inherent to the grant of jurisdiction, irrespective of whether its source is constitutional or statutory. *Fernos–Lopez v. U.S. District Court*, 599 F.2d at 1090. There is no constitutional bar for a non Article III court to adjudicate matters on which Congress has granted jurisdiction. *In re Arnold Print Works Inc.*, 815 F.2d 165, 169 (1st Cir.1987).

■ The Bankruptcy Court should exercise its civil contempt power only to control cases and proceedings "in the most egregious of circumstances." *In re Smith and Son Septic and Sanitation Service*, 88 B.R. 375, 379 (Bankr.D.Utah 1988). The contempt power should not be used when the Bankruptcy Code provides a specific and more adequate remedy. Section 1112(b) of the Bankruptcy Code provides the appropriate remedy by stating that a Chapter 11 petition may be dismissed for cause after notice and a hearing.[6]

Debtors have had adequate notice of the consequences of failing to comply with this Court's orders. The Court has granted all of debtors' motions for an extension of time to file an amended disclosure statement. The Court has likewise notified debtors that failure to timely comply would result in the dismissal of the petition. Six (6) times have the debtors failed to comply with the timetable set by the Court. Such a clear record of delay is tantamount to contumacious conduct warranting the dismissal with prejudice of the instant petition. *In re Brauer*, 80 B.R. 903, 911 (N.D. Ill.1987). Debtors' pattern of disregard for this Court's orders justifies the entering of a dismissal order as a sanction. A lesser sanction at this juncture would be a mockery of the bankruptcy process. See *Enlace Mercantil v. Senior Industries*, 848 F.2d

---

**4.** See Wright & Miller, Federal Practice and Procedure: Civil Section 2960.

**5.** A core proceeding is one that "invokes a substantive right provided by Title 11, or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Matter of Wood*, 825 F.2d 90 (5th Cir.1987). See also

*Arnold Print Works, Inc.*, 815 F.2d 165 (1st Cir. 1987).

**6.** The concept of notice and a hearing within the bankruptcy context is defined as such notice which is appropriate under the circumstances and opportunity for a hearing. 11 U.S.C. § 102(1).

315 (1st Cir.1988); *HMG Property Investors, Inc. v. Parque Industrial Rio Canas, Inc.,* 847 F.2d 908 (1st Cir.1988); *Spiller v. U.S.V. Laboratories, Inc.,* 842 F.2d 535 (1st Cir.1988).

The filing of a Chapter 11 petition operates as a stay of all actions to allow the debtor an opportunity to rehabilitate itself *Matter of Inesta Quinones,* 73 B.R. 333, 337 (Bankr.D.P.R.1987). The debtors have enjoyed a hiatus of forty (40) months, during which they have been afforded the protection of the Bankruptcy Code. By their own omissions they have foregone to judiciously take advantage of said opportunity. This Court will not remain passive to the detriment of other parties in interest.

### Conclusion

In view of the foregoing, the instant case is hereby dismissed with prejudice for cause, that is, for failure to comply with this Court's orders and for failure to prosecute.

SO ORDERED.