**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 15-9010

IN RE: MARCELO JUNIOR MEDINA LORENZO, a/k/a Marcelo J. Medina
Lorenzo, a/k/a Marcelo J. Medina-Lorenzo, a/k/a Marcelo J.
Medina, a/k/a Marcelo Medina Lorenzo, a/k/a Marcelo Medina,
a/k/a Marcelo Junior Medina,

Debtor.

SCOTIABANK DE PUERTO RICO,

Appellant,

v.

MARCELO JUNIOR MEDINA LORENZO,

Appellee.

APPEAL FROM THE BANKRUPTCY APPELLATE PANEL
FOR THE FIRST CIRCUIT

Before

Torruella, Lynch, and Thompson,
<u>Circuit Judges</u>.

Wallace Vazquez Sanabria and WVS Law LLC on brief for
appellant.
Aileen Pérez Polanco and Valcárcel Bauzá & Pérez Polanco CRL
on brief for appellee.

April 1, 2016

**Per curiam.** This appeal arises out of the failure of creditor Scotiabank, which had objected to the debtor's Chapter 13 bankruptcy plan, to attend the debtor's plan confirmation hearing, of which it had notice. Scotiabank raises three arguments on appeal: that the bankruptcy court erred in (1) hearing the debtor's objection to the creditor's claim at the plan confirmation hearing; (2) confirming the plan; and (3) granting the debtor's objection and denying the creditor's amended claim.

The Puerto Rico local rules provide that "[a]ny creditor who objects to confirmation of the plan shall attend the contested confirmation hearing if the objection is not resolved or withdrawn prior to the hearing," and "[i]f the objecting creditor does not appear at the contested confirmation hearing, the court may overrule the objection for failure to prosecute the same." P.R. LBR 3015-2(h)(2). Scotiabank concedes that it did not attend the hearing because it "erroneous[ly] concluded [its] appearance was not needed."

Scotiabank's remaining merits arguments fail for the reasons so well described in the Bankruptcy Appellate Panel's thoughtful opinion in this matter. In re Lorenzo, No. PR 15-011, 2015 WL 4537792 (B.A.P. 1st Cir. July 24, 2015). We agree with that opinion's reasoning and summarily affirm. See 1st Cir. R. 27.0(c).

That does not end the matter. The debtor's brief asks for sanctions under Federal Rule of Appellate Procedure 38 and First Circuit Local Rule 38.0, saying "the present appeal filed by Scotiabank is frivolous and ha[s] been used by Scotiabank as means to exhaust Debtor's limited financial resources."

Rule 38 provides that a court of appeals may award sanctions if it "determines that an appeal is frivolous." Fed. R. App. P. 38; see 1st Cir. R. 38.0. The standard for the award of Rule 38 sanctions is tough. "An appeal is frivolous if the arguments in support of it are wholly insubstantial and the outcome is obvious from the start." In re Efron, 746 F.3d 30, 37 (1st Cir. 2014). Sanctions are appropriate if "the appellants and their attorney should have been aware that the appeal had no chance of success." Cronin v. Town of Amesbury, 81 F.3d 257, 261 (1st Cir. 1996) (per curiam) (quoting E.H. Ashley & Co. v. Wells Fargo Alarm Servs., 907 F.2d 1274, 1280 (1st Cir. 1990)).

We deny the request for sanctions but warn Scotiabank and its counsel that some of its arguments are frivolous, that all are without merit, and that its brief to this Court is unacceptable.

So ordered.