NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## FOR THE FIRST CIRCUIT

———————————————

### BAP NO. PR 19-001

———————————————

**Bankruptcy Case No. 15-07161-BKT**
**Adversary Proceeding No. 16-00001-BKT**

———————————————

**JOSÉ ANTONIO LÓPEZ CANCEL and**
**CARMEN NEREIDA MEDINA GONZÁLEZ,**
**Debtors.**

———————————————

**WILFREDO SEGARRA MIRANDA, Chapter 7 Trustee,**
**Plaintiff-Appellant,**

**v.**

**BANCO POPULAR DE PUERTO RICO,**
**JOSÉ ANTONIO LÓPEZ CANCEL, and CARMEN NEREIDA MEDINA GONZÁLEZ,**
**Defendants-Appellees.**

———————————————

**Appeal from the United States Bankruptcy Court**
**for the District of Puerto Rico**
**(Hon. Brian K. Tester, U.S. Bankruptcy Judge)**

———————————————

**Before**
**Bailey, Hoffman, and Finkle,**
**United States Bankruptcy Appellate Panel Judges.**

———————————————

**Rafael A. González Valiente, Esq., on brief for Appellant.**
**Sergio A. Ramírez de Arellano, Esq., on brief for Appellee, Banco Popular de Puerto Rico.**
**Noemí Landrau Rivera, Esq., on brief for Appellees, José Antonio López Cancel and**
**Carmen Nereida Medina González.**

———————————————

**January 15, 2020**

———————————————

**Per Curiam.**

Wilfredo Segarra Miranda, chapter 7 trustee (the "Trustee"), appeals from the bankruptcy court's order granting summary judgment against him on his complaint seeking to avoid an unrecorded Puerto Rico mortgage under § 544 and preserve the avoided lien for the benefit of the estate under § 551.[1]  For the reasons set forth below, we **AFFIRM**.

## BACKGROUND

### I.      Pre-Petition Events

In December 2003, José Antonio López Cancel and Carmen Nereida Medina González (the "Debtors") executed a promissory note in the amount of $163,400, secured by a mortgage on property located in San Juan, Puerto Rico (the "Property").  The mortgage was never presented to the registry of property in Puerto Rico for recording.  Banco Popular de Puerto Rico ("BPPR") is the current holder of the note and mortgage.

### II.     The Bankruptcy Proceedings

The Debtors filed a chapter 7 petition in September 2015, and were granted discharges on January 8, 2016.

In January 2016, the Trustee filed a complaint against BPPR, alleging that the Property was property of the estate, and he could avoid the unrecorded mortgage held by BPPR under either § 549 or § 544 and preserve the avoided lien for the benefit of the estate under § 551.[2]

The Debtors intervened in the adversary proceeding and, in November 2016, they moved for summary judgment.  The Debtors contended they were entitled to judgment as a matter of

---

[1]  Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, et seq.

[2]  As discussed later, the Trustee filed similar complaints in several other bankruptcy cases involving the same creditor.  See infra at 4-5.

law because, under Puerto Rico law, the unrecorded mortgage did not constitute a transfer which the Trustee could avoid and preserve under §§ 544 and 551. The Trustee filed a cross-motion for summary judgment, arguing that the unrecorded mortgage created an unperfected security interest in real property subject to avoidance under either § 549 or § 544, and that he could preserve the mortgage lien for the benefit of the estate under § 551. In support, the Trustee cited DeGiacomo v. Traverse (In re Traverse), 753 F.3d 19, 26 (1st Cir. 2014), in which the United States Court of Appeals for the First Circuit (the "First Circuit") ruled, in a case that originated in Massachusetts, that "[w]here a creditor has an unperfected lien on a debtor's property, the Bankruptcy Code empowers a trustee to avoid and preserve the lien for the benefit of the estate."

Initially and without elaboration, the bankruptcy court granted summary judgment in favor of the Trustee. It then reconsidered its ruling in light of recent case law from the Puerto Rico bankruptcy court and granted summary judgment in favor of the Debtors.[3] In granting summary judgment in favor of the Debtors, the bankruptcy court concluded that because BPPR had not presented its mortgage for recording in the Puerto Rico property registry prior to the petition date, there was no transfer of the Debtors' interest in the Property under Puerto Rico law that the Trustee could avoid under § 544 and preserve for the benefit of the estate under § 551.

This appeal followed.[4]

---

[3] In an Opinion and Order dated December 4, 2018 (the "Order"), which is the subject of this appeal, the bankruptcy court granted the Debtors' motion for relief from judgment due to a "change in th[e] court's reasoning" and, in the same Order, also entered summary judgment in favor of the Debtors.

[4] The Trustee does not challenge the granting of the Debtors' motion for relief from judgment in this appeal and, therefore, the issue is waived. See United States v. Bayard, 642 F.3d 59, 63 (1st Cir. 2011) (stating that failure to brief an issue waives it). Accordingly, we construe this appeal only as an appeal of that part of the Order granting summary judgment in favor of the Debtors.

## APPELLATE JURISDICTION

"Pursuant to 28 U.S.C. §§ 158(a) and (b), the Panel may hear appeals from 'final judgments, orders, and decrees[.]'" Fleet Data Processing Corp. v. Branch (In re Bank of New Eng. Corp.), 218 B.R. 643, 645 (B.A.P. 1st Cir. 1998) (citations omitted); see also Ritzen Grp., Inc. v. Jackson Masonry, LLC, No. 18-938, 2020 WL 201023, at *3 (U.S. Jan. 14, 2020); Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1692 (2015) (discussing the Panel's jurisdiction to hear bankruptcy appeals under 28 U.S.C. § 158(a)). "An order granting summary judgment is a final order where no counts against any defendants remain." Encanto Rests., Inc. v. Aquino Vidal (In re Cousins Int'l Food, Corp.), 565 B.R. 450, 458 (B.A.P. 1st Cir. 2017) (citation omitted); see also Bullard, 135 S. Ct. at 1694. That being the case here, the Order is final and we have jurisdiction to hear this appeal.

## STANDARD OF REVIEW

Appellate courts review an order granting summary judgment de novo. See Bates v. CitiMortgage, Inc., 844 F.3d 300, 303 (1st Cir. 2016); Hannon v. ABCD Holdings, LLC (In re Hannon), 839 F.3d 63, 69 (1st Cir. 2016) (citation omitted). "De novo review means that the appellate court is not bound by the bankruptcy court's view of the law." Banco Cooperativo de P.R. v. Ramos Herrera (In re Ramos Herrera), 589 B.R. 444, 451 (B.A.P. 1st Cir. 2018) (citation omitted).

## DISCUSSION

### I.      Relevant Case Law within the First Circuit

The Order on appeal is but one in a series of cases from the United States Bankruptcy Court for the District of Puerto Rico commenced by the same chapter 7 trustee against the same

4

creditor, involving essentially the same operative facts and raising the same legal issue—whether a mortgage on property in Puerto Rico that had not been recorded in the Puerto Rico property registry prior to the filing of a bankruptcy petition constitutes a transfer of an interest in property that the chapter 7 trustee can avoid under § 544 and preserve for the benefit of the estate under § 551. With the exception of a single, unreported case, see Segarra v. Banco Popular de P.R. (In re Matienzo Lopez), Adv. No. 16-00123, slip op. (Bankr. D.P.R. Aug. 23, 2017) (ruling, without explanation, that a chapter 7 trustee could avoid and preserve an unrecorded Puerto Rico mortgage), and the bankruptcy court's initial ruling in this case prior to reconsideration, the Puerto Rico bankruptcy court has consistently held that a trustee cannot avoid and preserve an unrecorded Puerto Rico mortgage. See Segarra Miranda v. Banco Popular de P.R. (In re Rivera Mercado), 587 B.R. 224, 229 (Bankr. D.P.R. 2018), aff'd, 599 B.R. 406 (B.A.P. 1st Cir. 2019); Segarra Miranda v. Banco Popular de P.R. (In re Rosas Garcia), Adv. No. 17-00076, 2018 WL 1956177, at *4 (Bankr. D.P.R. Apr. 24, 2018), reconsideration denied by 2018 WL 4354364 (Bankr. D.P.R. Sept. 11, 2018); Segarra v. Doral Mortg., LLC (In re Schwarz Reitman), Adv. No. 15-00020 (MCF), slip op. (Bankr. D.P.R. Nov. 29, 2016). In each case, the trustee was Mr. Segarra Miranda, the Trustee here.

During the pendency of this appeal, a different panel of the United States Bankruptcy Appellate Panel for the First Circuit (the "BAP") addressed the precise issue before us, in a case involving the same factual scenario, the same creditor and, once again, the same Trustee. See Segarra Miranda v. Banco Popular de P.R. (In re Rivera Mercado), 599 B.R. 406 (B.A.P. 1st Cir. 2019). In its April 2019 decision, the Mercado panel upheld the bankruptcy court's ruling that because the mortgage was not recorded in the property registry prior to the bankruptcy filing, the mortgage was "nonexistent" under Puerto Rico law. See id. at 426-27. Consequently, there was

no pre-petition transfer of an interest in property that the Trustee could avoid under § 544 and preserve under § 551. The Mercado panel concluded that the bankruptcy court's ruling was properly supported by Puerto Rico mortgage law, as articulated by the First Circuit in Soto-Rios v. Banco Popular de P.R., 662 F.3d 112, 118 (1st Cir. 2011), and by the case law from the Puerto Rico bankruptcy court addressing this issue. The Trustee did not appeal, or seek reconsideration of, the Mercado decision.

Despite this body of case law, including the Mercado decision, the Trustee continues to assert that Traverse dictates and that an unrecorded "mortgage deed" creates an unperfected security interest in real property subject to avoidance and preservation under §§ 544 and 551. Despite the Puerto Rico bankruptcy court's repeated rulings, and the Mercado panel's affirmance, that Traverse is inapposite in cases involving unrecorded Puerto Rico mortgages, the Trustee continues to press his unpersuasive position.

## II.     Whether this Panel is Bound by Mercado

We are confronted with a threshold question—namely, whether we are bound by the prior decision of the BAP in Mercado. Although the BAP has not specifically declared as a formal jurisprudential rule that it is bound by its prior decisions, it has recently acknowledged that "'fidelity' to precedent 'promotes stability, predictability, and respect for judicial authority.'"[5] U.S. Bank N.A. v. Vertullo (In re Vertullo), BAP No. NH 18-056, 2020 WL 130279, at *6 (B.A.P. 1st Cir. Jan. 10, 2020) (quoting Gentile v. DeGiacomo (In re Gentile), 492 B.R. 580, 585 (B.A.P. 1st Cir. 2013), and citing Carpenters Local Union No. 26 v. U.S. Fid. & Guar. Co.,

---

[5] In contrast, the United States Bankruptcy Appellate Panel for the Ninth Circuit has stated that it is bound to follow its own precedent. Hernandez v. Hopper (In re Hernandez), No. 12-24502, 2013 WL 1490995, at *8 (B.A.P. 9th Cir. Apr. 11, 2013).

215 F.3d 136, 142 (1st Cir. 2000)). "Indeed, such stability was the impetus for the creation of BAPs." Id. (citing Bank of Maui v. Estate Analysis, Inc, 904 F.2d 470, 472 (9th Cir. 1990) (O'Scannlain, concurring)).

The First Circuit has stated that it is bound by its earlier decisions, "unless an exception exists to the principles of stare decisis." United States v. Rodriguez-Pacheco, 475 F.3d 434, 441 (1st Cir. 2007) (citation omitted). It explained:

> The doctrine of stare decisis provides that courts must abide by or adhere to cases that have been previously decided and that a legal decision on an issue of law that is contained in a final judgment is binding in all future cases on the court that made the legal decision and all other courts that owe obedience to that court. In other words, the doctrine of stare decisis incorporates two principles: (1) a court is bound by its own prior legal decisions unless there are substantial reasons to abandon a decision; and (2) a legal decision rendered by a court will be followed by all courts inferior to it in the judicial system.

Id. (quoting 3 J. Moore et al., Moore's Manual—Federal Practice and Procedure § 30.10[1] (2006)). As we also recently stated:

> The First Circuit recognizes two exceptions to the stare decisis rule: (1) when an existing decision is "undermined by controlling authority, subsequently announced, such as an opinion of the Supreme Court, an en banc opinion of the circuit court, or a statutory overruling"; and (2) when "authority that postdates the original decision, although not directly controlling, nevertheless offers a sound reason for believing that the former panel, in light of fresh developments, would change its collective mind."

In re Vertullo, 2020 WL 130279, at *7 (quoting Rodriguez-Pacheco, 475 F.3d at 441-42).

In Vertullo, the panel considered whether it was bound by a prior decision of the BAP as to the proper interpretation of § 1322(c)(1) as it related to a New Hampshire foreclosure. Id. at Applying the above legal principles, the Vertullo panel concluded that adherence to BAP precedent was appropriate as the appellant had failed to establish either that the BAP's prior decision was undermined by a Supreme Court or First Circuit ruling or a sound reason for believing that the prior panel would change its collective mind. Id.

7

These stare decisis considerations also support our adherence to <u>Mercado</u>. Neither the Supreme Court nor the First Circuit has expressed an opinion on the precise issue before the Panel, and no reported case adopts the Trustee's view. Furthermore, although the Trustee in this case was the losing party in <u>Mercado</u>, he did not appeal that decision to the First Circuit. An examination of relevant statutory authority and a review of post-<u>Mercado</u> case law reveals no changes in the law or other compelling reasons for us to reverse the position expressed by the panel in <u>Mercado</u>. In short, there is no reason for this Panel to depart from the BAP's own precedent on the issue that controls the outcome of this appeal.[6]

In the interest of promoting stability and predictability, and in the absence of any compelling reasons to deviate from the BAP's prior holding, we adhere to the decision in <u>Mercado</u> and conclude that in this case the bankruptcy court did not err in ruling that the Trustee could not avoid and preserve the unrecorded BPPR mortgage under §§ 544 and 551.

## CONCLUSION

In light of the foregoing, we summarily **AFFIRM**. <u>See</u> 1st Cir. BAP L.R. 8013-1(c)(2) (authorizing summary disposition, including affirmance, "if it appears that no substantial question is presented"); <u>see also</u> <u>Scotiabank de P.R. v. Medina Lorenzo (In re Medina Lorenzo)</u>, 637 F. App'x 623, 623 (1st Cir. 2016) (summarily affirming because the court agreed with the Panel's reasoning in its "thoughtful opinion"); <u>Lopez Jimenez v. Lee (In re Pabon Rodriguez)</u>, 17 F. App'x 5, 5 (1st Cir. 2001) (same).

---

[6] The Trustee insists that the <u>Mercado</u> panel's analysis was flawed, but he mostly rehashes the same arguments that were raised, and rejected, by the panel in connection with the <u>Mercado</u> appeal. In any event, none of his arguments present a compelling reason to deviate from the <u>Mercado</u> holding.